The Honorable Larry Jegley Prosecuting Attorney Sixth Judicial District 122 South Broadway Little Rock, AR 72201
Dear Mr. Jegley:
I am writing in response to your request for my opinion on several Freedom of Information Act ("FOIA") issues that have arisen over documents pertaining to a medical doctor who resigned from the University of Arkansas for Medical Sciences ("UAMS"). You state that the documents that were requested pursuant to the FOIA included a resignation letter and numerous e-mails written or received by the doctor on his UAMS e-mail account. The custodian released a redacted version of the resignation letter, and withheld various e-mails. You have provided a copy of the redacted letter, as well as copies of the correspondence between the requester and UAMS concerning the FOIA request; and you seek my opinion as to whether the custodian's decision is consistent with the FOIA. You pose the following specific questions:
 1. As to the resignation letter: (a) Can UAMS redact parts of a resignation letter based upon the unwarranted invasion of personal privacy exemption in 25-19-105(b)(12) or otherwise, considering the public's interest in the doctor's resignation? (b) Can UAMS redact parts of the resignation letter based upon the evaluation or job performance exemption in 25-19-105(c)(1)?
 2. As to the e-mails, are the described e-mails written by or to a UAMS medical doctor using his `public' e-mail account: (a) considered to be public records, per se, if written during working hours; (b) subject to automatic FOI disclosure, even if subject to exemption and redaction?
 3. If your answer is `yes' as to 2 (a) and (b), and given the UAMS explanation of the subject matter of the e-mails, did the custodian (UAMS) follow proper procedure in determining FOI exemptions and, then, in segregating `public records' from private or exempt records before disclosure consistent with the FOI?
RESPONSE
As a preliminary matter, I must note that because no request was made pursuant to A.C.A. § 25-19-105(c) (Supp. 2003)[1] for my review of the custodian's decision in this instance, I will not address your questions as they pertain specifically to the records that prompted your opinion request.[2] The custodian made a decision in response to a FOIA request for the records, and that decision is subject to court review under A.C.A. § 25-19-107 (Repl. 2002) (authorizing an appeal to the Pulaski County Circuit Court or to the circuit court of the residence of the aggrieved party, if an agency of the state is involved). It would not be appropriate for me to undertake a review of that specific decision, given the custodian's inability at this point to modify the decision as he or she might deem necessary based upon my conclusions.
You have raised several general issues under the FOIA, however, that are properly within the scope of an opinion from this office. I will therefore proceed to address those issues, but with the understanding that this opinion should not be construed to comment on the specific factual scenario that prompted your questions.
First, with regard, generally, to the redaction of parts of a resignation letter, it must be recognized that ordinarily it is proper to apply the "clearly unwarranted" test (A.C.A. 25-19-105(b)(12) (Supp. 2003)) to such a record because letters of resignation are properly classified as "personnel records." See, e.g., Ops. Att'y Gen. Nos. 2004-219; 2002-006; 2001-276; 99-147; 99-119; 98-122; 97-063; 96-088; 95-169; 95-162.[3]
The question of whether redaction is required when applying this test is a question of fact in each case. See generally Op. Att'y Gen. 2002-006.
As reflected in the cited opinions, this office has consistently viewed the so-called "evaluation or job performance exemption" (A.C.A.25-19-105(c)(1)) as inapplicable to an employee's letter of resignation.[4]
Regarding your second question concerning a public e-mail account, I have found no support for the proposition that e-mails using a public account are per se, i.e., inherently or simply as such, public records and subject to automatic disclosure under the FOIA.[5] Certainly, as discussed below, there is a presumption under the FOIA that such records are public records. But the definition of "public records" requires something more than the mere creation of a document during business hours. The definition states:
 (5)(A) "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium required by law to be kept or otherwise kept and that constitute a record of the performance or lack of performance of official functions that are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
 (B) "Public records" does not mean software acquired by purchase, lease, or license; and A.C.A. § 25-19-103(5) (Supp. 2003) (emphasis added).[6]
The emphasized language has led the authors of one legal commentary to note that "the legislature apparently did not intend that every record maintained by an agency be subject to public inspection, because the `performance' language in Section 25-19-103(5)(A) limits the term `otherwise kept.'" J. Watkins R. Peltz, The Arkansas Freedom ofInformation Act (mm Press, 4th ed. 2004) at 91. I agree with this observation. Cf. Depoyster v. Cole, 298 Ark. 203, 207, 766 S.W.2d 606
(1989) (observing that the recorded votes of members of a governing body "obviously constitute a record of the performance or lack of performance of official functions carried out by [the body.]") See also Op. Att'y Gen. 91-374 (regarding the "private notes" of a public employee).
As indicated above, I recognize that the second sentence of Section25-19-103(5)(A), supra, establishes a presumption of public record status for "records maintained in public offices or by public employees within the scope of their employment. . . ." Clearly, however, the presumption is not always conclusive. To conclude otherwise would ignore the "performance" limitation in Section 25-19-105(5). It is therefore my opinion that this presumption can be rebutted if the records do not otherwise fall within the definition found in the first sentence. Accord
Op. Att'y Gen. 2000-220.
It should be noted, however, that the agency will have the burden of establishing that the presumption is overcome. Cf. Gannett River StatesPub. v. Ark. Ind. Dev. Comm'n, 303 Ark. 684, 799 S.W.2d 543 (1990) (burden was on agency to prove that it correctly decided records were exempt from disclosure).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: EAW/cyh
[1] Section 25-19-105 was amended by Act 259 of 2005, but the amendment is not relevant to your questions.
[2] Section (c)(3)(B)(i) provides that either the custodian, requester, or the subject of personnel or evaluation records "may immediately seek an opinion from the Attorney General, who, within three (3) working days of receipt of the request, shall issue an opinion stating whether the decision is consistent with this chapter." The subsection provides further that in the event of a review by the Attorney General, the custodian shall not disclose the records until the opinion has been issued. Id. at (ii).
[3] Section 25-19-105(b)(12) provides an exemption for personnel records "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
[4] "Employee evaluation or job performance records," as distinguished from "personnel records," may only be released upon "final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure." Id.
[5] I assume that you have used the term "per se" according to its common meaning, that is, "by, of, for, or in itself; intrinsically."Random House Webster's Unabridged Dictionary (2d ed.) at 1444.
[6] Section 25-19-103 was also amended by Act 259 of 2005 (see n. 1,supra), for purposes not relevant to this opinion.